# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

United States of America,

v.

Case No. 2:19–cr–197

Troy Balgo,

Judge Michael H. Watson

Defendant.

## ORDER

Doctor Troy Balgo ("Defendant") moves the Court to modify the terms of his pretrial release. ECF No. 16. The Court held hearings on October 23, 2019, October 25, 2019, and November 21, 2019, at which the parties provided argument in addition to the written filings they have submitted. The matter is fully briefed. For the following reasons, the Court **DENIES** Defendant's motion.

## I. BACKGROUND

On September 5, 2019, Defendant was indicted on nine counts for health care fraud (Count One), conspiracy to commit health care fraud (Count Two), unlawful distribution and dispensing of controlled substances (Counts Three through Eight), and conspiracy to commit unlawful distribution and dispensing of controlled substances (Count Nine). ECF No. 4. Defendant surrendered to the United States Marshals, and the Government sought his detention pending trial. See Memorandum in Support of Pretrial Detention, ECF No. 10. On September 25, 2019, Magistrate Judge Jolson entered an Order Setting Conditions of Release that, among other things, prohibited Defendant from "prescrib[ing] any

controlled substance until a court-ordered monitoring system is in place." ECF No. 13.

On October 4, 2019, Defendant moved to modify the conditions of his release to permit him to prescribe controlled substances in the course of his medical practice. Mot. 1, ECF No. 16. Defendant initially proposed to retain Dr. Kort Gronbach to provide independent medical oversight of Defendant's prescribing practices, including submitting a weekly report of Defendant's prescribing to the Court. *Id.* at 2. Dr. Gronbach "has extensive experience in pain medicine practice and has worked for the United States Department of Justice as a pain medicine consultant." *Id.* Dr. Gronbach has also "been a member of the Governor's Opiate Cabinet Action Team since 2012." *Id.* Defendant later modified his proposed conditions to have Dr. Gronbach review prescriptions twice per week and to not release the prescriptions to the pharmacy until they have been reviewed and approved by Dr. Gronbach and the Court. Def. Second Supp. Memo. 2, ECF No. 32.

The Government objects to the modified set of conditions proposed by Defendant and asks the Court to deny outright Defendant's request to reinstate his prescribing practices.

## II. ANALYSIS

Eighteen U.S.C. § 3145(a) permits a defendant who has been ordered released by a magistrate judge to move for amendment of the conditions of that

release. The district judge reviews the matter *de novo*. *United States v. Gunter*, No. 2:09–cr–90, 2009 WL 1867638, at *1 (S.D. Ohio June 24, 2009).

In determining the conditions to be imposed on Defendant's pretrial release, the Court is to impose the "least restrictive" conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(c). In a case involving a controlled substances offense for which there is a maximum term of imprisonment of ten years or more there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure . . . the safety of the community." 18 U.S.C. § 3142(e)(3)(A). Defendant has been indicted on six counts of unlawful distribution and dispensing of controlled substances. This indictment, "standing alone, establishes probable cause to believe that [Defendant] committed the offenses with which he is charged." *United States v. Bothra*, No. 19-1092, 2019 U.S. App. LEXIS 9375, **2–3 (6th Cir. Mar. 28, 2019) (citing *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010)). The presumption therefore applies.

To rebut the presumption, Defendant must produce evidence that he is not a danger to the community. *Id.* at *3. Defendant has done this by, among other things, submitting numerous letters from doctors who refer patients to Defendant. ECF No. 29. These letters indicate that Defendant is trusted by these doctors to provide pain management services to their patients, including the prescription of opiates. Additionally, these doctors have indicated that Defendant has

discharged patients who do not comply with their obligations to responsibly use opioids.

Because Defendant has presented some evidence that he is not a danger to the community, the presumption is now simply "one of several factors that must be weighed" under § 3142(g). *Bothra*, 2019 U.S. App. LEXIS 9375, at *3. The Court must also consider the following factors when determining the appropriate conditions of release: (1) the nature and circumstances of the offense, including whether it involves a controlled substance; (2) the weight of the evidence against Defendant; (3) Defendant's history and characteristics, including employment, financial resources, community ties, and past conduct; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). The Court will address each factor in turn.

The nature and circumstances of the offense weigh against reinstating Defendant's prescribing authority. Section 3142(g)(1) explicitly directs the Court to consider whether the offense involved a controlled substance—Counts Three through Eight do. While the Government has been unable to provide any specific examples to the Court of Defendant prescribing opiates other than for a legitimate medical purpose, the indictment signed by the grand jury nevertheless charges that Defendant, among other things, "knowingly, intentionally, and unlawfully dispensed and distributed, and caused to be dispensed and distributed, outside the usual course of professional practice and not for a

legitimate medical purpose . . . ." Indictment ¶ 71, ECF No. 4. The other offenses involve health care fraud.

The Court next considers the weight of the evidence that Defendant is a danger to the community. This factor weighs in Defendant's favor. The Government has provided little evidence that Defendant is a danger to the community other than the signed Indictment. The Government frequently cites the number of opiate prescriptions Defendant has written and how that number compares to other physicians in the state, but it is not unlawful to be one of the top prescribers of opiates. Indeed, there will always be a top prescriber of opiates even if every doctor is unnecessarily conservative in dispensing this medication. It is not surprising that Defendant would be among the top prescribers considering that he maintains a pain management clinic specializing in the prescription of pain management medication. The doctors who wrote letters in support of Defendant each stated that they do not prescribe opiates and instead refer patients needing these medications to Defendant. Additionally, as stated above, while the Indictment references medically unnecessary prescriptions, the Government has not provided evidence of such prescriptions and has indicated in hearings that this is the subject of ongoing investigations.

Nevertheless, the Government has provided some evidence that Defendant is a danger to the community. In particular, Defendant has admitted that prescriptions were issued under his name when he was not in the office

seeing patients.[1] While Defendant states that there was an authorized provider on site and this amounts to a billing mistake, it still suggests a lack of attention to proper protocols when prescribing such an important medication.

The third factor, Defendant's nature and characteristics, also weigh in his favor. Other than the allegations made in this case, nothing in Defendant's history suggests a lack of character. Defendant has been elected, and has served, as the Belmont County Coroner and has presented numerous references from local doctors supporting his value as a practitioner in the area. The Government's arguments against Defendant's character, including that he has "abrogated his responsibility to the community" by taking vacations, Memo in Support of Pretrial Detention 7, ECF No. 10, are unpersuasive.

The fourth factor, the seriousness of the danger posed by Defendant's ability to prescribe, weighs heavily against Defendant. While Defendant is still presumed innocent and the Court has not yet been presented with evidence demonstrating medically unnecessary prescribing practices, the allegations supporting the Indictment are extremely serious. Every day this Court deals with the catastrophic effects of the opioid crisis. That Defendant is alleged to have contributed to that crisis via his prescribing authority militates against reinstating his ability to prescribe opiates.

---

[1] The Government frequently discusses the number of days Defendant vacationed and his travel destinations (e.g. Las Vegas and Ireland) as indications of a lack of care for his patients. Defendant's personal vacation habits do not strike the Court as unusual for someone of his socioeconomic status or indicative of a lack of care.

Furthermore, Defendant's proposed monitoring program with Dr. Gronbach, while appealing on its face, does not alleviate the potential dangerousness of Defendant being permitted to prescribe. Dr. Gronbach and the Court would still be left in the position of relying on patient notes submitted by Defendant, who is alleged to have committed health care fraud.

In summary, two of the four factors under 18 U.S.C. § 3142(g) weigh against modifying the conditions of Defendant's release. The Court also considers the presumption under 18 U.S.C. § 3142(e)(3)(A) as a separate factor. *Stone*, 608 F.3d at 945. The Court finds that no set of conditions on Defendant's opiate-prescribing authority (other than a ban pending trial) can reasonably assure the safety of the community.[2] Defendant's motion, ECF No. 16, is therefore **DENIED**.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
**UNITED STATES DISTRICT COURT**

---

[2] The Court was also persuaded by a recent unpublished opinion of the Sixth Circuit, *United States v. Bothra*, supra. That case also involved a defendant who was a medical doctor indicted for opioid-related offenses and health care fraud. *Id.* at *4. While there are material factual differences between *Bothra* and Defendant's case, the Sixth Circuit reversed the district court's decision in *Bothra* to grant pretrial release, let alone restore prescribing privileges, despite numerous onerous restrictions imposed upon release including a $7 million bond and electronic monitoring.