# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | 2:19cr197 |
| | : | THE HONORABLE JUDGE WATSON |
| v. | : | |
| **TROY BALGO,** | : | |
| **Defendant.** | : | |

## AGREED AMENDED
## ORDER RELEASING SEIZED FUNDS

On December 12, 2019, the Court issued an Order (ECF No. 34) directing the United States to release a total of $819,100.56 of the currency seized in this case. After further consultation and analysis and in light of Defendant's Motion for Release of Funds and Show Cause Hearing (ECF No. 82), the parties hereby consent to the entry of this Agreed Amended Order Releasing Seized Funds to facilitate the distribution of the seized funds pursuant to the Court's Order. As such, the Court hereby **ORDERS AND DECREES** that:

1. The parties agree that, during the investigation in this case, the United States seized, among other things, a total of $2,438,585.25 in U.S. currency from a PNC Bank account ending in 4168, held in the name of Valley Medical Management of Pain, Inc. ("PNC Account").

2. The parties further agree that $819,100.56 of this seized currency shall be released to Defendant Troy Balgo.

3. Following entry of this Agreed Amended Order Releasing Seized Funds, the United States Marshals Service, as custodian of the seized currency, will facilitate the release of the $819,100.56 in U.S. currency to Defendant Troy Balgo by and through his attorney of record,

Samuel H. Shamansky. Defendant Troy Balgo shall complete all documents required by the United States to facilitate the release of the $819,100.56 in U.S. currency.

4. The $819,100.56 in U.S. currency shall be returned to Defendant Troy Balgo via a payment through the U.S. Treasury. The United States notes that, under the Debt Collection Improvement Act of 1996, as codified at 31 U.S.C. § 3716, and administered through the Treasury Offset Program ("TOP"), the U.S. Treasury is required to offset federal payments to collect certain delinquent debts owed by a payee to the United States, a U.S. agency, or a state. Accordingly, the United States notes that the amount to be returned to Defendant Troy Balgo under this Agreed Order may be reduced by the amount of any such delinquent debt that the U.S. Treasury is required to collect through TOP.

5. The United States asserts that some of the remaining currency seized from the PNC Account is subject to forfeiture to the United States in accordance with: (a) 18 U.S.C. § 982(a)(7), based upon the violations of 18 U.S.C. § 1347 alleged in Counts One through Four of the Second Superseding Indictment; (b) 21 U.S.C. § 853(a)(1) and (2), based upon the violations of 21 U.S.C. §§ 841 and 843 alleged in Counts Five through Ten of the Second Superseding Indictment; and/or (c) 18 U.S.C. § 982(a)(1), based upon the violations of 18 U.S.C. § 1957 alleged in Counts Eleven through Fourteen of the Second Superseding Indictment.

6. As set forth in his Motion for Release of Funds and Show Cause Hearing, Defendant seeks the release of $2,415,263.91 in seized funds, consisting of: (a) Defendant's 2018 tax liability of $1,268,231.39, (b) Defendant's 2019 tax liability of $847,032.52, and (c) $300,000 in legal and expert fees. That Motion remains pending.

7. The parties agree that the United States, through the United States Marshals Service, will maintain custody of the balance of the currency seized from the PNC Account, pending the resolution of Defendant's Motion for Release of Funds, the Defendant's criminal case,

and any related forfeiture actions or dispositions. Defendant expressly reserves his right to seek the return of seized assets, consistent with his Motion. The United States reserves its right to object to the same as appropriate.

8. The United States is currently conducting additional analysis and investigation with respect to Defendant Troy Balgo's tax liabilities. The parties will continue to discuss the return of additional seized assets in light of the United States' analysis. Therefore, the parties agree that, pending the resolution of those discussions, a Show Cause Hearing is not necessary at this time. The parties will update the Court as these discussions continue and will petition the Court for further relief, where appropriate.

9. The parties agree that, except as noted above, nothing in this Agreed Order shall constitute a waiver of the arguments and relief sought in Defendant's Motion for Release of Funds.

Date: 8/28/23

SAMUEL H. SHAMANSKY
Attorney for Defendant Troy Balgo

KENNETH L. PARKER
United States Attorney

GLENN S. LEON
Chief
Criminal Division, Fraud Section
United States Department of Justice

Date: 8/28/2023

*Abdus Samad Pardesi*

MARK CIPOLLETTI
ABDUS SAMAD PARDESI
Criminal Division, Fraud Section
United States Department of Justice

3

## COURT APPROVAL

This Agreed Amended Order Releasing Seized Funds is approved by the Court this 1st day of September, 2023.

*Michael H. Watson*

HONORABLE MICHAEL H. WATSON
U.S. DISTRICT COURT JUDGE

4