```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**UNITED STATES OF AMERICA**

    vs.                                                        2:19-cr-197
                                                                           JUDGE MICHAEL H. WATSON

**TROY BALGO**

## REPORT AND RECOMMENDATION

Defendant Troy Balgo previously pleaded not guilty to the *Second Superseding Indictment*, ECF No. 75, which charges four counts of health care fraud in violation of 18 U.S.C. §§ 1347, 2 (Counts 1-4), five counts of distribution or dispensation of controlled substances in violation of 21 U.S.C. § 841, 18 U.S.C. § 2 (Counts 5-9), one count of unlawful use of a DEA registration in violation of 21 U.S.C. § 843, 18 U.S.C. § 2 (Count 10), and four counts of money laundering in an amount greater than $10,000 in violation of 18 U.S.C. § 1957 (Counts 11-14). The United States and defendant thereafter entered into a *Plea Agreement*, ECF No. 103,[1] executed pursuant to the provisions of Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to the health care fraud charges in Counts 2 and 3. On September 18, 2024, defendant personally appeared with his counsel for a change of plea proceeding.

Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25 Fed.Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty

---

[1] The *Plea Agreement* contains a limited mutual waiver of appellate rights that preserves only a claim of involuntary guilty plea for appeal of conviction and forecloses appeal and collateral challenge "by any means" to any term of sentence, unless the sentence includes a term of imprisonment greater than 37 months. The parties agree that the appellate waiver would not foreclose claims of effective assistance of counsel and prosecutorial misconduct. In the *Plea Agreement,* defendant also agreed to forfeiture and restitution obligations, and to permanently surrender billing privileges under government

1

plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges in the *Second Superseding Indictment* and the consequences of his plea of guilty to Counts 2 and 3. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the *Plea Agreement* signed by him, his attorney, and the attorney for the United States and filed on September 3, 2024, represents the only promises made by anyone regarding the charges in the *Second Superseding Indictment*. Defendant was advised that the District Judge may accept or reject the *Plea Agreement* and that all sentencing terms will be determined by the District Judge. Defendant was further advised that, even if the District Judge refuses to accept any provision of the *Plea Agreement* not binding on the Court, or if the sentence imposed is more severe than the sentence that defendant expected, defendant may nevertheless not withdraw his guilty plea on that basis.

---

health care benefits programs.

Defendant confirmed the accuracy of the *Statement of Facts* supporting Counts 2 and 3, which is attached to the *Plea Agreement*.[2] He confirmed that he is pleading guilty to Counts 2 and 3 of the *Second Superseding Indictment* because he is in fact guilty of those crimes. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Counts 2 and 3 of the *Second Superseding Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Counts 2 and 3 of the *Second Superseding Indictment* be accepted. Decision on acceptance or rejection of the *Plea Agreement* was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

---

[2] Count 2 of the *Second Superseding Indictment* refers to the date of 9/28/**2018**, but the *Statement of Facts* refers to the date of 9/28/**2019**. The parties agree that the reference to 2019 in the *Statement of Facts* is a typographical error, and that the correct date for Count 2 is 2018.

3

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a forfeiture of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* See *United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).

| | |
|---|---|
| September 18, 2024 | *s/ Norah McCann King* |
| Date | Norah McCann King |
| | United States Magistrate Judge |